**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-60049
Summary Calendar
_____

DARNELL F. WARD,

                                                              Plaintiff-Appellant,

versus

BENTON COUNTY MISSISSIPPI; ET. AL.,,

Defendants,

BENTON COUNTY MISSISSIPPI; JAMES WILLIAMS,
Individually and in his official capacity as
Constable of Benton County, Mississippi,

                                                              Defendants-Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CV-60-SAA
-------------------------------------------------------------
September 12, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

     Darnell F. Ward (Ward) appeals the district court's summary judgment in favor of Benton

County, Mississippi, and James Williams (Williams). Ward alleged various federal and state law

claims against Benton County and Williams, including a claim under 42 U.S.C. § 1983. This court

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviews a grant of summary judgment *de novo*. Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994). Ward does not appeal the dismissal of his state law claims or the district court's finding that Williams was qualifiedly immune from suit in his individual capacity.

Ward's suit against Williams in his official capacity is treated as a suit against Benton County. Brooks v. George County, Mississippi, 84 F.3d 157, 165 (5th Cir. 1996). Ward argues that Williams, a constable in Benton County, is a final policymaker in the area of law enforcement in Benton County and thus, that the county is liable for actions by Williams that allegedly caused constitutional injury to Ward. In Rhode v. Denson, 776 F.2d 107, 108-110 (5th Cir. 1985), we concluded that a Texas constable was not a final policymaker for the county in question. Ward has pointed to no difference between the laws governing constables in Texas and Mississippi which would make the reasoning of Rhode inapplicable to this case. See id. and Miss. Code Ann. § 19-19-5, et seq.

Even if Williams were a final policymaker for Benton County, Ward presented no summary-judgment evidence that Williams' actions on the date in question violated his constitutional rights. Accordingly, the district court's grant of summary judgment to Benton County and Williams is AFFIRMED.